## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **JOSHUA M. WHITE,** | ) | **CASE NO. 4:23 CV 1962** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | <u>**MEMORANDUM OPINION**</u> |
| | ) | <u>**AND ORDER**</u> |
| **MAHONING COUNTY** | ) | |
| **JUSTICE CENTER, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Joshua M. White filed this *in forma pauperis* civil rights action against the Mahoning County Justice Center and Mahoning County Sheriff Jerry Greene (Doc. No. 1). Plaintiff requests monetary relief and he asks the Court to "help [correct] this grave injustice." (Doc. No. 1-2 at 5).

### I. Background

Plaintiff's complaint concerns the conditions of his detainment at the Mahoning County Justice Center. He raises concerns regarding understaffing and overcrowding. He contends that the Justice Center has added "extra bunks" in the cells, and it has become "standard operating procedure" for the staff to confine inmates in a cell for 15 hours per day, in addition to "unscheduled lockdowns." (*Id.* at 2, 3). Plaintiff suggests that the additional time confined in

their cells "leads to pent up aggressions and animosities." (*Id.*). He also claims that the overcrowding of inmates combined with the understaffing results in an "unnecessary risk to the safety of the inmates and staff" and causes "an increase in the inmates' anxiety." (*Id.* at 2, 3). In support, he states that there have been "recent horrendous acts of physical abuse" and there was a sexual assault on a female deputy. Plaintiff also states that the toilets are oftentimes inoperable and the showers are a "[cesspool] of bacteria and fungus," which is a "hazardous health concern." (*Id.* at 3). Plaintiff claims that the conditions of his confinement violate his Due Process rights and constitute cruel and unusual punishment in violation of the Eighth Amendment.

Additionally, Plaintiff states that the Justice Center has no law library. He claims that he has no access to a printer or a copy machine and therefore he has "no copies to file as proof" that he exhausted his administrative remedies. (*Id.* at 4). Plaintiff alleges he has consequently been denied access to the courts.

Finally, it also appears that Plaintiff claims the defendants' actions constitute a violation of a federal court order, and he references *Roberts et al v. County of Mahoning, Ohio, A Local Government Entity et al*, Case No. 4:03cv2329 (N.D. Ohio, filed Nov. 14, 2003)(Dowd, J.).[1]

## II. Standard of Review

---

[1] This reference appears to be to a Consent Judgment Entry filed in *Roberts et al v. County of Mahoning, Ohio, A Local Government Entity et al*, Case No. 4:03cv2329 (N.D. Ohio, filed Nov. 14, 2003)(Dowd, J.), a civil rights action filed by eight detainees located in Mahoning County Jail. On May 17, 2007, a three-judge panel entered a Consent Judgment Entry "with a stipulated population order and retained jurisdiction over the Consent Entry for three years." *Id.* at ECF No. 292 at 1, referencing ECF No. 266 (Batchelder, Dowd, Polster). The Panel's jurisdiction expired on May 17, 2010 by the terms of the Consent Entry. *Id.* at ECF No. 292. A stipulated motion to extend the Consent Entry was denied on May 18, 2010. *Id.* at ECF No. 292 at 2.

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). In any civil action, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

-3-

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. Discussion

#### A. Individual Capacity

As an initial matter, Plaintiff does not include any allegations in his Complaint that reasonably suggest any of the individual defendants were personally responsible for the alleged constitutional violations identified in his Complaint. Plaintiff cannot establish the individual liability of any defendant absent a clear showing that the defendant was personally involved in the activities that form the basis of his claims. *Rizzo v. Goode*, 423 U.S. 362, 371, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 U.S. App. LEXIS 36082, 1995 WL 559381 (6th Cir. Sept. 20, 1995). Absent allegations connecting the defendants to the specific actions, Plaintiff cannot hold them liable in their individual capacities.

#### B. Official Capacity

Furthermore, Plaintiff fails to state a claim against Defendants in their official capacities. An official capacity damages action against a state or municipal officer is the equivalent of an action against the public entity he or she serves. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). The defendants are all employees of the county. Plaintiff's official capacity claims are therefore asserted against Mahoning County.

Section 1983 does not permit a plaintiff to sue a local government entity on the theory of respondeat superior. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 692-94, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). A plaintiff may only hold a local government entity liable

under Section 1983 for the entity's own wrongdoing. *Id.* A local government entity violates Section 1983 where its official policy or custom actually serves to deprive an individual of his or her constitutional rights. *Id.* A "municipal policy" includes "a policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the municipality's "lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Powers v. Hamilton County Pub. Defender Comm'n*, 501 F.3d 592, 607 (6th Cir. 2007) (quoting *Monell*, 436 U.S. at 690). A "custom" for purposes of *Monell* liability must "be so permanent and well-settled as to constitute a custom or usage with the force of law." *Monell*, 436 U.S. at 691.

To demonstrate that the county's policies caused constitutional harm, the plaintiff must "(1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injur[ies] w[ere] incurred due to execution of that policy." *Brawner v. Scott Cty.*, 14 F.4th 585, 598 (6th Cir. 2021)(quoting *Morgan v. Fairfield County*, 903 F.3d 553, 566 (6th Cir. 2018) (internal quotations omitted).

Here, Plaintiff does not include sufficient facts to suggest that any of the conditions of confinement were the result of a county custom or policy, as opposed to the decisions of individual officers within the jail. Moreover, even if Plaintiff had identified a custom or policy that he can attribute to the county, Plaintiff fails to allege facts suggesting any actual injury he suffered as a result of the Justice Center's execution of the county's purported policy. The fear of what may happen, or the bare, conclusory statements of what may have occurred in the past, do not support his claim.

To the extent Plaintiff is attempting to invoke the Court's jurisdiction pursuant to the Consent Entry issued in the *Roberts* case, the Court is without jurisdiction as that agreement

-5-

expired on May 17, 2010. Moreover, the Panel expressly limited any jurisdiction beyond May 17, 2010 to the plaintiffs' motion for contempt against the county for violations of the Consent Entry that occurred during the time the Consent Entry was in effect. *See Roberts*, Case No. 4:03cv2329 (ECF No. 292 at 2). Importantly, the Consent Entry was not in effect in 2022 to 2023, the dates of Plaintiff's detainment and the purported allegations.

### 1. Conditions of Confinement

Even if Plaintiff's claims can be construed to have resulted from the county's customs or policies, Plaintiff fails to state a claim on which relief may be granted. Because Plaintiff's Complaint pertains to conditions he alleges he experienced as a pretrial detainee, his constitutional protections originate from the Due Process Clause of the Fourteenth Amendment, which protects detainees from being "punished prior to an adjudication of guilt" rather than the Eighth Amendment, which applies to prisoners convicted of crimes. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *see also Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018). But like claims of convicted prisoners asserting claims under the Eighth Amendment, a pretrial detainee's claims under the Fourteenth Amendment require that he demonstrate both subjective and objective components. *Helphenstine v. Lewis Cnty.*, 60 F.4th 305, 316-17 (6th Cir. 2023).

To satisfy the objective component, a pretrial detainee must demonstrate that he suffered a "sufficiently serious" condition or deprivation in the prison context. *Id.* at 317. In this regard, it is well-established that "the Constitution does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Prisoners are not entitled to unfettered access to the medical treatment of their choice, *see Hudson v. McMillian*, 503 U.S. 1, 9, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992), nor can they "expect the amenities, conveniences and services of a good

hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988); *see Thaddeus-X v. Blatter*, 175 F.3d 378, 405 (6th Cir. 1999).Therefore, only allegations of "extreme deprivations" that deny a prisoner "the minimal civilized measure of life's necessities" are sufficient to state a claim. *Hudson v. McMillan*, 503 U.S. at 8-9 (citations omitted).

To satisfy the subjective component, a pretrial detainee must show that a defendant "not only acted deliberately (not accidentally), but also recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Brawner*, 14 F.4th at 596 (6th Cir. 2021) (quoting *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)); *see also Helphenstine*, 60 F.4th at 317.

Plaintiff complains of general overcrowding and understaffing at the Mahoning County Justice Center. He states that inmates are essentially double-bunked and the Justice Center does not have enough deputies to adequately handle the additional inmates. He states that he has to endure 15-hour cell confinement and unscheduled lockdowns. And he claims that the purported understaffing increases inmates' anxieties and causes "unnecessary risk" to the safety of the inmates and staff, citing examples of past physical violence among inmates and an assault of a female staff member.

Even taken as true, these allegations fail to show an objectively serious deprivation of Plaintiff's basic human needs. Prison overcrowding, standing alone, does not violate the Constitution. *Rhodes*, 452 U.S. at 348; *Agramonte v. Shartle*, 491 F. App'x 557, 560 (6th Cir. 2012) ("Overcrowding is not, in and of itself, a constitutional violation"). And specifically, double-celling, or double-bunking, by itself, does not violate the Constitution. *Bell*,441 U.S. at 541-43 (holding that double-bunking of pretrial detainees in cells originally designed for one

person for several months does not violate the Constitution); *Halliburton v. Sunquist*, 59 F. App'x 781, 782 (6th Cir. 2003). Rather, a plaintiff bears the burden of showing that the crowded conditions led to independent deprivations of essential food, medical care, sanitation, or other necessities. *Rhodes*, 452 U.S. at 348.

Here, Plaintiff fails to plausibly allege any actual injury he suffered as a result of the purported overcrowded/understaffed conditions at the Justice Center. Nor does he allege that the conditions about which he complains deprived him of the minimal civilized measure of life's necessities, such as food, clothing, or shelter. Rather, he alleges only that there have been violent incidents in the past, which cause him to fear for his safety and may increase inmates' anxieties. These allegations are insufficient to state a claim. Absent specific allegations that Plaintiff was deprived of a basic need, such as food or clothing, or that he was the victim of violence, and where no injury is asserted beyond discomfort, Plaintiff has failed to allege a violation of his Fourteenth Amendment Due Process rights.

Plaintiff also claims that the toilets are oftentimes inoperable and the showers contain bacteria and fungus. The Sixth Circuit has recognized on more than one occasion that the Constitution does not require flushable toilets in prison. *See, e.g. Dellis v. Corrections Corp. of America*, 257 F.3d 508, 511 (6th Cir. 2001)(citing *Rhodes*, 452 U.S. at 347) (a prisoner's claims alleging that he was deprived of a lower bunk, subjected to a flooded cell, and deprived of a working toilet amounted to "only temporary inconveniences and did not demonstrate that [his] conditions fell beneath the minimal civilized measure of life's necessities as measured by a contemporary standard of decency"); *Abdur-Reheem-X v. McGinnis*, 198 F.3d 244, 1999 U.S. App. LEXIS 29997, 1999 WL 1045069, at *2 (6th Cir.) (table) (the "Eighth Amendment does

not require that prisoners enjoy immediately available and flushable toilets"); *Knop v. Johnson*, 977 F.2d 996, 1013 (6th Cir. 1992) ("We do not agree that it violates the Eighth Amendment to require prisoners to use nonflushable toilets on occasion.").

Plaintiff's claim that the toilet in his cell does not work at all times therefore does not constitute extreme deprivation amounting to a constitutional violation.

Additionally, federal courts have routinely held that dirty prison showers containing fungus or mold are insufficiently serious to form the basis of a constitutional claim. *See, e.g., Huber v. McDonough*, No. 4:15 CV 00915, 2015 U.S. Dist. LEXIS 147611, at *6 (N.D. Ohio Oct. 30, 2015) (The conditions in the shower that caused Plaintiff to suffer a foot fungus and 'daily non-stop itching and scratching' — though admittedly unpleasant — do not constitute the kind of extreme deprivation required to sustain a cognizable conditions-of-confinement claim"); *McCarty v. McGee*, No. 2:06 CV 113, 2008 U.S. Dist. LEXIS 9242, 2008 WL 341643, at *3 (S.D. Miss. Feb. 5, 2008) ("Plaintiff's claim that the shower he was forced to share with other inmates is polluted and covered in mold and fungus, causing him to catch athlete's foot and ringworm, fails to rise to the level of a constitutional violation"); *Rogers v. Allen County Jail*, No. 1: 06 CV 139, 2006 U.S. Dist. LEXIS 35094, 2006 WL 1441092, at *2 (N. D. Ind. May 25, 2006) (holding that a prisoner's "athlete's foot" caused by "[s]haring a dirty shower" with other prisoners was "inconvenient or uncomfortable," but "[did] not constitute a serious medical need" nor a "denial of the minimal civilized measure of life's necessities"); *Partak v. Behrle*, No. 09 CV 1256, 2011 U.S. Dist. LEXIS 154410, 2011 WL 7629500, at *17 (N.D.N.Y. Sept. 12, 2011) ("[T]he shower drain being clogged for three days is unpleasant, inconvenient, and even if plaintiff got athletes foot as a result, does not rise to the level of a denial . . . sufficient to

violate the Eighth Amendment") (report & rec. adopted, *Partak v. Behrle*, No. 09 CV 1256, 2012 U.S. Dist. LEXIS 41965, 2012 WL 1037950 (N.D.N.Y. Mar. 27, 2012)).

Therefore, Plaintiff's claim that the shower contains bacteria and fungus, though unpleasant, does not constitute the kind of extreme deprivation that rises to the level of a constitutional violation.

**2. Law Library**

Plaintiff contends the Justice Center does not have a law library, and therefore, he has "no copies to file as proof" that he exhausted his administrative remedies. Plaintiff claims the defendants have denied him access to the courts.

To state a claim for denial of access to the courts in violation of the First Amendment, Plaintiff must demonstrate that he suffered actual injury. *Lewis v. Casey*, 518 U.S. 343, 351, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996). The injury requirement is not satisfied by just any type of frustrated legal claim. *Id.* Plaintiff must allege facts suggesting the defendants prevented him from pursuing, or caused the rejection of, a specific non-frivolous direct appeal, habeas corpus application, or civil rights action. *Id.*; *Courtemanche v. Gregels*, 79 Fed. App'x 115, 117 (6th Cir. 2003). Here, Plaintiff has not alleged facts sufficient to demonstrate that he suffered actual injury to existing or contemplated litigation that raises non-frivolous claims. To the extent his claim concerns the filing of this Complaint, Plaintiff successfully filed the Complaint and the Court considered his claims.

Plaintiff therefore fails to state a claim for denial of access to the courts in violation of the First Amendment.

**IV. Conclusion**

For the foregoing reasons, the Court dismisses this case pursuant to 28 U.S.C. §1915(e). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

    *s/Dan Aaron Polster*    1/25/2024
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**